UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Scottrade, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:07-cv-01982 HEA |
| ) | |
| Modern Energy Corporation; ) | |
| First Public Securities Transfer ) | |
| Corporation; ) | |
| ) | |
| Defendants; ) | |
| ) | |
| Merrill Lynch, Pierce Fenner & ) | |
| Smith, Inc.; Ridge Clearing & Outsourcing ) | |
| Solutions, Inc.; Penson Financial Services, Inc., ) | |
| E*Trade Financial Corporation; TD Ameritrade, ) | |
| Clearing Services, Inc.; ) | |
| ) | |
| Relief Defendants. ) | |

## JUDGMENT BY DEFAULT AGAINST DEFENDANTS MODERN ENERGY CORPORATION, INCLUDING A PERMANENT INJUNCTION

Default having been properly entered by the Clerk against Defendant Modern Energy Corporation, and First Public Securities Transfer Corporation having been served with process in this matter and having failed to appear herein, and more than seven days notice having been given to Modern Energy Corporation and First Public Securities Transfer Corporation of Plaintiff Scottrade, Inc.'s application for entry of judgment by default, it is hereby adjudged and decreed:

(a) Modern Energy and its transfer agent, First Public Securities Transfer Corporation, have not complied with and have violated the spirit and the letter of this Court's prior judgments in this matter by, among other things, failing to return to the Depository Trust Company ("DTC") or its nominee, CEDE & Company, certificates representing the

5080656.5

Modern Energy common shares delivered by to Modern Energy's transfer agent, First Public, pursuant to what Modern Energy described as a "mandatory exchange" which this Court subsequently determined to be a reverse stock split effected in violation of Wyoming law and the anti-fraud provisions of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and thus null and void;

(b) Based on this Court's prior judgments rendered in this matter, Scottrade's DTC account should now reflect that it continues to own 29,797,165 of the 30,797,165 issued and outstanding Modern Energy common shares Scottrade held through its DTC account for the accounts of Scottrade customers on October 19, 2007, and the actions and inactions of Modern Energy and First Public and those persons acting in active concert or participation with them (including, but not limited to, David Korman a/k/a David Korem a/k/a/ Mark Pedley and Michael S. Ioane) have prevented DTC from causing Scottrade's DTC account to reflect such holdings and rendered it impossible for Scottrade to deliver any of said 29,797,165 Modern Energy Common shares to Scottrade's customers for whose accounts Scottrade holds such shares;

(c) Modern Energy has violated and continues to violate the reporting requirements imposed on it by the federal securities laws, specifically 15 U.S.C. §§78*l* and 78m;

(d) Modern Energy does not now have, and since December 21, 2007 has not had a properly constituted board of directors, properly appointed officers or employees, and no action purportedly taken by Modern Energy at any time since December 21, 2007 was a properly authorized action by Modern Energy, every such action having been taken, instigated or directed by persons (including, but not limited to, an individual using the name David Korman, and also known as David Korem and Mark Pedley, and another

individual named Michael S. Ioane) acting in Modern Energy's name but without any authority to so act;

(e) Modern Energy has no substantial assets or legitimate business purpose, its shares are valueless, and its purported existence as a corporate entity is being continued solely to further the fraud launched with the announcement of the purported, but void, reverse stock split.

Further, the Court finds that:

The actions (and inactions) and the threatened actions and inactions of Defendants Modern Energy Corporation and First Public Securities Transfer Corporation, their actual (or supposed) officers, agents, servants, employees and attorneys, and those persons who are in active concert or participation with them or with their purported officers, agents, servants, employees and attorneys, including David Korman a/k/a David Korem a/k/a Mark Pedley and Michael S. Ioane, individually and as a representative of Western Investment Properties, Inc., pose a continuing threat and risk of irreparable harm to Plaintiff Scottrade, Inc., for which Scottrade, Inc. has no adequate remedy at law. The harm threatened by the Defendants' actions and those of their actual or supposed officers, agents, servants, employees and attorneys, and those persons (including Messrs. Korman and Ioane) who are in active concert or participation with them, includes, but is not limited to, the damage to Scottrade which would result if Scottrade were directly or indirectly compelled by the fraudulent schemes being pursued by Defendants Modern Energy Corporation and First Public Securities Transfer Corporation, their actual (or supposed) officers, agents, servants, employees and attorneys, and those persons who are in active concert or participation with them (including Messrs. Korman and Ioane and the corporation known as Western Investment Properties, Inc. controlled by Ioane) to purchase

and/or deliver intrinsically valueless shares of Modern Energy common stock (and/or other stocks purportedly distributed by Modern Energy and First Public to Modern Energy shareholders as in-kind dividends) at artificially inflated prices, whether pursuant to demand by any Scottrade customer for delivery of the Modern Energy shares shown in Scottrade's records, or pursuant to any order, by arbitrators or other authorities, entered at the behest of any such Scottrade customer.

Accordingly, Defendants Modern Energy Corporation, First Public Securities Transfer Corporation, their respective actual or purported officers, agents, servants, employees and attorneys, and pursuant to Rule 65(d), Fed.R.Civ.P. all other persons who are in active concert or participation with any of them (including, but not limited to, David Korman, a/k/a David Korem, a/k/a Mark Pedley, and Michael S. Ioane and Western Investment Properties, Inc.), are hereby permanently enjoined from:

(a) issuing any additional securities purporting to be issued by Modern Energy without the express, prior approval of this Court;

(b) transferring or purporting to transfer, of record, ownership of any securities heretofore issued or purportedly issued by Modern Energy without the express, prior approval of this Court;

(c) issuing any further announcements, press releases, or other form of communication with actual or purported shareholders of Modern Energy or the investing public and purporting to be from or concerning Modern Energy without the prior express approval of this Court;

(d) making any further postings to the website www.modernenergycorporation.com or to any other website purporting to be a website of Modern Energy Corporation without the prior express approval of this Court;

(e) making any further filings with the Wyoming Secretary of State's office in the name of Modern Energy Corporation without the prior express approval of this Court; or

(f) taking any actions directly or indirectly intended to perpetuate the manipulative scheme described in the Court's Summary Judgment and earlier Permanent Injunction issued in this matter, true and correct copies of which are attached hereto and incorporated by reference, including, but not limited to, prosecuting any arbitration or other proceeding against Scottrade designed to compel Scottrade to deliver Modern Energy shares or to pay any damages for failing to deliver such shares or taking any other actions which would directly or indirectly cause, force, or result in Scottrade having to purchase or pay for any shares of Modern Energy or any other issuer, shares of which were purportedly distributed to Modern Energy shareholders as dividends on Modern Energy shares.

Dated this 2nd day of March, 2010

_____
United States District Judge